[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11921
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2010
JOHN LEY
CLERK

Agency No. A098-559-278

SHUI-HAH CHONG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 29, 2010)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Shui-Hah Chong is a citizen of Malaysia who came to the United States on a

student visa in 1995. Chong continued her studies in this country until 2003. Two years later, the Department of Homeland Security began removal proceedings against Chong after she failed to comply with her visa's conditions. Chong then filed an application for asylum and withholding of removal under both the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture (CAT).

In her application and at a hearing on its merits, Chong claimed that while living in Malaysia she was once verbally harassed because of her Chinese ethnicity. She testified that she was also subjected to vulgar sexual remarks during the same incident. Chong further said that she feared persecution if she returned to Malaysia because she is a practicing Christian and a woman.

The immigration judge (IJ) denied Chong relief. The IJ ruled that Chong's asylum application was untimely and that she had established neither a reasonable probability of future persecution nor that it was more likely than not that she would be subjected to torture upon her return to Malaysia. Chong appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision without

opinion. She now petitions this court for review of the IJ's decision denying her withholding-of-removal claims.[1]

First we must note that we cannot review Chong's withholding-of-removal claim under the INA. Although Chong's notice of appeal to the BIA indicated that she was appealing both the IJ's order denying withholding of removal under the INA and the CAT, her brief before the BIA only addressed her CAT claim. As such, the INA claim was not exhausted and we are without jurisdiction to review it. 8 U.S.C. § 1252(d)(1).

In evaluating Chong's remaining withholding-of-removal claim, we review the IJ's decision, which was adopted without elaboration by the BIA. *Kazemezdah v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). We review the IJ's legal conclusions *de novo*, and will not disturb factual findings unless they are so unsubstantiated by the record that we are compelled to do so. *Id.* at 1350–51.

To establish withholding of removal under the CAT, Chong must demonstrate that if she were to return to Malaysia it is "more likely than not" that she would be tortured "by or at the instigation of[,] or with the consent or

---

[1] Chong concedes that we cannot review the IJ's asylum ruling because she did not appeal that decision to the BIA. *See* 8 U.S.C. § 1252(d)(1) (prohibiting review of unexhausted claims). Nor may we consider Chong's due-process claim because it was not raised before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006). Accordingly, that part of her petition is dismissed.

3

acquiescence of[,] a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Chong argues that her testimony alone, which the IJ found credible, qualifies her for relief. Although in some instances a petitioner's testimony by itself will justify relief, *see* 8 C.F.R. § 1208.16(c)(2), that is not always the case. Here, Chong did not testify that she had been tortured in the past. *See* 8 C.F.R. § 1208.16(c)(3). Nor did she testify that the verbal harassment she endured was perpetrated by government officials or at their behest. Even if it had been, mere harassment is not torture. *See id.* § 1208.18(a); *cf. Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005). And Chong never testified that she feared being tortured if she returned to Malaysia.

The only evidence of torture Chong submitted was in two reports on human rights in Malaysia, one written by the State Department and the other by Amnesty International. The State Department report mostly detailed the abuse of immigrants in government custody, and the other instances it chronicled, although still serious, were isolated rather than pervasive. And Amnesty International's report only addressed the torture of suspected terrorists. Despite these isolated instances of torture, Chong presented no evidence of how the reports established that it was more likely than not that she would be tortured upon her return to

4

Malaysia. Without such evidence we cannot say that IJ should have been compelled to grant Chong relief in the first place, so we may not grant her relief either.

**PETITION DISMISSED IN PART AND DENIED IN PART.**